for judgment as of nonsuit will be upheld.

Affirmed.

MARSELL WOMBLE v. BERRY ELSTER McGILVERY.

(Filed 14 January, 1959.)

**Automobiles § 411—**

> Plaintiff's evidence tending to show that plaintiff was intoxicated and was walking in a street near the edge of the pavement, facing traffic, that defendant's car was approaching from the opposite direction on the right side of the street at a lawful speed, that plaintiff saw the car but paid no attention to it, and that the car struck plaintiff and came to an immediate stop, together with testimony of a witness for plaintiff that plaintiff moved out into the street just before the accident *is held* insufficient to be submitted to the jury on the issue of defendant's negligence.

APPEAL by plaintiff from *Williams, J.,* February-March Term, 1958, of ROBESON.

This is a civil action to recover for personal injuries sustained when the plaintiff was hit by an automobile owned and operated by the defendant on Madison Street, just outside the corporate limits of the Town of Fairmont, in Robeson County, North Carolina, on 11 December 1955, about 10:45 p.m.

The plaintiff's evidence tends to show that he had been drinking that evening and had been in a fight and got cut rather seriously about an hour and a half before the accident complained of herein; that after he got cut he went into a nearby field and laid down; that he did not know how he got into the street; that he was walking near the edge of the pavement, facing traffic; that he saw the defendant's car approaching but paid no attention to it "until it got right on me." One of the plaintiff's witnesses testified that just before the accident the plaintiff "moved out into the road." The plaintiff was going north on the street or road and the defendant's car was being driven in a southerly direction. The speed of the defendant's car was fixed by one of the plaintiff's witnesses at not more than 20 miles per hour. This witness further testified that defendant's car was being operated on its right side of the street and did not move at all after it came in contact with the plaintiff; that plaintiff was knocked not more than four or five feet by the car. The plaintiff testified "I don't remember how much drinking I did. I drank about half a pint in all. * * * I sure don't remember much else, after drinking that half pint.

STATE *v.* McDONALD.

* * * I had moved off that street and was trying to make it home. I was going in the opposite direction from home, but I thought I was going home. I didn't know exactly where I was going."

The defendant moved for judgment as of nonsuit at the close of plaintiff's evidence. The motion was allowed and the plaintiff appeals, assigning error.

*Hackett & Weinstein for plaintiff.*
*Johnson & Biggs for defendant.*

PER CURIAM.   In our opinion the plaintiff's evidence was insufficient to establish actionable negligence on the part of the defendant. Hence, the ruling of the court below will be upheld.

Affirmed.

---

### STATE v. WILLIAM McDONALD.

(Filed 14 January, 1959.)

**1. Homicide § 13—**

The burden is upon defendant to prove to the satisfaction of the jury that he acted in his self-defense and that in the exercise of his right to self-defense he used no more force than was or reasonably appeared necessary under the circumstances to protect himself from death or great bodily harm.

**2. Homicide § 20—**

Testimony of State's witnesses as to declarations made by defendant tending to establish that defendant killed his wife in self-defense, does not justify nonsuit when the other evidence in the case tends to show the facts to be other than as set forth in defendant's declarations.

APPEAL by defendant from *Williams, J.,* May Criminal Term, 1958, of ROBESON.

Indicted at April Criminal Term, 1958, for the first degree murder on April 7, 1958, of Eloise McDonald, his wife, defendant was put on trial at May Criminal Term, 1958, for second degree murder.

The only evidence was that offered by the State.

Upon the verdict, "Guilty of Manslaughter," judgment, imposing a prison sentence of twenty years, was pronounced.

On appeal, defendant's only assignment of error, based on appropriate exception, is directed to the overruling of his motion for judgment of nonsuit.